**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Terry BRONE, Holly Ann Coats, Thomas
Joseph Mason, Donald George Brown,
Paul Francis Barnes, Richard Mohlen-
bruck, Louis Vaith, Leonard Barella,
Robert John Ansel, Daniel Frederick
Coates, Defendants-Appellees.**

No. 85–5102.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1986.

Decided July 2, 1986.

Sara Criscitelli, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Roger J. Rosen, David M. Dudley, Los Angeles, Cal., Joel Levine, Los Angeles, Cal., Philip Deitch, Los Angeles, Cal., Harland W. Braun, John M. Powers, Los Angeles, Cal., Terry J. Amdur, Pasadena, Cal., for defendants-appellees.

Before KENNEDY, SKOPIL, and ALARCON, Circuit Judges.

KENNEDY, Circuit Judge:

This case involves an investigation into alleged drug trafficking by appellee Terry Brone and other members of a California motorcycle gang called the Vagos Motorcycle Club. The investigation commenced in Rochester, New York, and continued (or recommenced) in Los Angeles, California, where the government obtained authority to wiretap two telephone numbers. The government appeals from a district court order suppressing all evidence obtained from the wiretap of Brone's telephone, an extension of that wiretap, and a spinoff wiretap of codefendant Thomas Mason's telephone. The district court suppressed the evidence because the affidavit submitted to obtain authority for the initial wiretap did not comply with the necessity requirement of 18 U.S.C. § 2518(1)(c) and (3)(c). Specifically, the district court found that the Rochester and Los Angeles investigations were two separate investigations and that the government relied too heavily

on its difficulties in the Rochester investigation when it claimed that normal investigative techniques in California would be ineffective. We disagree with the district court's characterization of the investigations as separate inquiries. We find the affidavit in support of the initial wiretap to be sufficient to authorize the first wiretap against defendant Brone, but as to the extension of that wiretap and the Mason wiretap, we remand to the district court for further proceedings.

Over the course of nine months in Rochester, agents of the FBI and DEA interviewed confidential informants, conducted physical surveillance of Brone, and installed a pen register on his home telephone number. They also monitored telephone conversations between Brone and an undercover DEA agent, whose cover was apparently so believable that she was able to make several direct purchases of amphetamines from Brone.

The investigation then moved to Los Angeles for several more months. The Los Angeles investigation consisted of interviews with informants and local police officers, an analysis of telephone toll records, and the use of a pen register. In addition, the government applied for and obtained a district court order authorizing the electronic interception for thirty days of all calls to and from a telephone number in Los Angeles subscribed to by Brone and codefendant Holly Ann Coats. Pursuant to 18 U.S.C. § 2518, an FBI agent submitted a forty-five-page affidavit reciting the investigative methods that had been tried and stating that they were insufficient to enable the agents to uncover the source of Brone's narcotics or the modus operandi of the alleged conspiracy.

A month later, another district judge extended the wiretap order for thirty days and authorized the further interception of calls to and from a number subscribed to by codefendant Thomas Mason. Based on the information gathered from the wiretaps, search warrants were ultimately issued, leading to the arrest of the defendants and the issuance of a twenty-three

count indictment against them, charging various drug-related offenses.

■ An application for a court-authorized wiretap must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous," 18 U.S.C. § 2518(1)(c), and facts indicating that "normal investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous," *id.* § 2518(3)(c). This necessity requirement means that the affidavit must set out a factual background that shows that ordinary investigative procedures, employed in good faith, would likely be ineffective in the particular case. *See United States v. Ippolito,* 774 F.2d 1482, 1486 (9th Cir.1985); *United States v. Brown,* 761 F.2d 1272, 1275–76 (9th Cir.1985). As a general rule, the wiretap should not be the initial step in the investigation, *United States v. Bailey,* 607 F.2d 237, 241 (9th Cir.1979), *cert. denied,* 445 U.S. 934, 100 S.Ct. 1327, 63 L.Ed.2d 769 (1980), but law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap. *United States v. Spagnuolo,* 549 F.2d 705, 710 (9th Cir.1977).

■ The judge authorizing a wiretap has considerable discretion. *United States v. Martin,* 599 F.2d 880, 886–87 (9th Cir.), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2407, 2408, 60 L.Ed.2d 1067 (1979). Accordingly, the standard of review of the decision on appeal is deferential. *Brown,* 761 F.2d at 1275. We review de novo whether a full and complete statement of the facts was submitted in compliance with 18 U.S.C. § 2518(1)(c), but we review the issuing judge's decision that the wiretaps were necessary for an abuse of discretion. *Brown,* 761 F.2d at 1275.

■ The issuing court did not abuse its discretion in finding that the affidavit in support of the initial wiretap met the necessity requirement and in authorizing the wiretap. The forty-five-page affidavit re-

lated the results of the New York and California investigations and concluded that there were no investigative techniques other than wiretapping that would allow the government to develop an effective case against those involved in the conspiracy. The New York investigation indicated that Brone and his cohorts were wary, and this was highly relevant to the continued investigation in California. Further, the affidavit stated specifically that even with the assistance of five confidential informants and an undercover DEA agent who had successfully infiltrated the organization, federal agents had been unable to uncover Brone's source of narcotics or the details of the operation. The affidavit also stated that physical surveillance of Brone had been unsuccessful, and that pen registers and toll records did not disclose the nature of the business being transacted by telephone. Finally, the affidavit made somewhat conclusory assertions about the difficulties of prosecuting the case, but these assertions were in the context of an affidavit that was sufficiently specific in all other respects. Reviewing the factual allegations as a whole, and in a commonsense fashion, *Ippolito,* 774 F.2d at 1486, we cannot say that the issuing court abused its discretion in finding that the affidavit demonstrated the unavailability of alternate means of investigation. We reverse the reviewing court's ruling that the affidavit for the initial wiretap was inadequate.

We turn next to the question whether the affidavit in support of the extension of the wiretap of Brone's telephone met the requirements of 18 U.S.C. § 2518(1)(f) and (5). The statute provides for extensions of wiretap orders. The issuing court is required to make the same findings for an extension order as it is for an original order. *United States v. Giordano,* 416 U.S. 505, 530, 94 S.Ct. 1820, 1833–40, 40 L.Ed.2d 341 (1974); 18 U.S.C. § 2518(5). In addition, the affidavit for the extension must "set[ ] forth the results thus far obtained from the interception, or a reasonable explanation for the failure to obtain such results." 18 U.S.C. § 2518(1)(f); *see Giordano,* 416 U.S. at 533, 94 S.Ct. at 1835;

*United States v. Turner*, 528 F.2d 143, 153 (9th Cir.) (per curiam), *cert. denied*, 423 U.S. 996, 96 S.Ct. 426, 46 L.Ed.2d 371 (1975), 429 U.S. 837, 97 S.Ct. 105, 50 L.Ed.2d 103 (1976).

 Here, the affidavit to obtain the extension relied on the information in the original affidavit as well as the results of the first wiretap. The court below ruled that the extension was improperly granted because it was the fruit of the initial wiretap; but, as we have held that the initial wiretap was valid, that conclusion can no longer stand. The record is insufficient, however, for us to determine whether the affidavit in support of the extension met the requirements of 18 U.S.C. § 2518(1)(f) and (5) in all other respects. We remand this question to the district court to determine in the first instance whether the affidavit met the necessity requirement and adequately set forth the results of the earlier authorized wiretap. *See Giordano*, 416 U.S. at 530, 94 S.Ct. at 1833–34; *Turner*, 528 F.2d at 153.

The record likewise does not provide us with sufficient information upon which to determine the adequacy of the affidavit submitted to obtain authority to intercept Mason's telephone calls, because the court below held that that interception was also a fruit of the first wiretap. The government may not dispense with the statutorily mandated showing of necessity to obtain a wiretap of Mason's telephone, despite the validity of the wiretap of his coconspirators' telephone, *see United States v. Santora*, 600 F.2d 1317, 1321, *amended on other grounds*, 609 F.2d 433 (9th Cir.1979); *United States v. Abascal*, 564 F.2d 821, 826 (9th Cir.1977), *cert. denied*, 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538, 435 U.S. 953, 98 S.Ct. 1583, 55 L.Ed.2d 804 (1978), although Mason's connection with conspirators who are themselves so wary that a wiretap is necessary in order to investigate their criminal activities may be a factor that weighs in favor of authorizing the tap. We remand to the district court to determine in the first instance whether the issuing judge abused his discretion in finding that the govern-

ment presented sufficient evidence to tap Mason's telephone upon learning of his involvement from the calls intercepted from Brone's telephone.

The district court's order with regard to the evidence obtained from the first wiretap is reversed, and the case is remanded to the district court for further proceedings. In light of our remand, we need not address the question whether the search warrants were valid; the district court should consider that question in the first instance.

REVERSED and REMANDED.