29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ernesto Castro GAXIOLA, Defendant/Appellant.
 No. 93-50832.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest C. Gaxiola entered a conditional plea of guilty to one count of possession with the intent to distribute more than 500 grams of cocaine, 21 U.S.C. Sec. 841(a)(1) and one count of distributing cocaine within one thousand feet of a school, 21 U.S.C. Secs. 841(a)(1), 860(a), reserving his right to appeal the district court's denial of his motion to suppress. That appeal is now before us. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 On September 29, 1992, DEA Special Agent Karen E. Rossi filed an affidavit in support of the government's application for an order authorizing interception of wire communications on defendant's residential telephone. The affidavit explained that the wiretap was necessary for the government to obtain
 
 
 4
 direct, hard evidence that will convince a jury beyond reasonable doubt of (1) the full scope, extent of personnel of the past and current cocaine trafficking conspiracy ...; (2) the identity and role of the Gaxiola organization's cocaine suppliers; (3) the identity and role of the Gaxiola organization's main distributors and customers; and (4) the disposition of proceeds of the conspirators' cocaine trafficking leading to the government's right to seize and forfeit assets acquired with such illegally earned proceeds.
 
 
 5
 Prior to applying for the wiretap, a confidential informant, Victor Sanchez, had made numerous purchases of cocaine from defendant and was able to gather some intelligence on the Gaxiola organization. Sanchez told agent Rossi that "the Gaxiola organization's main source of supply is Jorge Gaxiola, who resides in Oxnard, California." The Rossi affidavit concluded, however, that the information provided by Sanchez "is of limited use in proving the entire scope of the conspiracy."
 
 
 6
 The government had also introduced an undercover agent to the defendant. The undercover agent had not yet made any purchases from the defendant. The Rossi affidavit concluded that even if the agent were able to purchase cocaine from the defendant, it was unlikely that he would be able to penetrate the Gaxiola organization.
 
 
 7
 The Rossi affidavit listed numerous other investigative techniques that had been unsuccessful in realizing the government's objectives. These included the use of (1) other confidential informants, (2) search warrants, (3) pen registers and (4) ground and aerial surveillance.
 
 
 8
 The wiretap application was granted on September 29, 1992.
 
 THE NECESSITY REQUIREMENT
 
 9
 Before authorizing a wiretap, a district court must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be to dangerous." 18 U.S.C. Sec. 2518(3)(c). Law enforcement officials need not exhaust every conceivable investigatory alternative before obtaining a wiretap. See United States v. Brone, 792 F.2d 1504, 1506 (9th Cir.1986). We have consistently upheld findings of necessity "where traditional investigative techniques lead only to apprehension and prosecution of the main conspirators, but not to apprehension and prosecution of suppliers, major buyers or other satellite conspirators." United States v. Torres, 908 F.2d 1417, 1422 (9th Cir.), cert. denied, 498 U.S. 948 (1990). The government is required to identify "specific circumstances indicating that traditional techniques cannot reveal the broader picture." United States v. Simpson, 813 F.2d 1462, 1472 (9th Cir.), cert. denied, 484 U.S. 898 (1987).
 
 DISCUSSION
 
 10
 We review the issuing court's determination that a wiretap was necessary for abuse of discretion. Torres, 908 F.2d at 1422.
 
 
 11
 Defendant argues that the Rossi affidavit establishes that two avenues of investigation--the use of confidential informant Sanchez and the use of the undercover agent--were "either ignored or underutilized." We reject the argument.
 
 
 12
 The Rossi affidavit establishes (1) that Sanchez made numerous purchases of cocaine from the defendant between June 1991 and September 1992, (2) that the defendant offered to sell him a kilogram of cocaine in one instance and (3) that Sanchez told agent Rossi that Jorge Gaxiola was the main source of supply. Although the Rossi affidavit states that Sanchez was "very effective" at gathering intelligence on the Gaxiola organization, it concluded that the information gathered by Sanchez was "of limited use in proving the entire scope of conspiracy." (emphasis added). Thus, despite Sanchez's contact with the defendant for more than one year, Sanchez did not significantly penetrate the Gaxiola organization. Sanchez's limited successes fell short of the objectives that the government sought to achieve in its investigation, i.e. "obtaining direct, hard evidence sufficient to convince a jury" of the full scope of the conspiracy.
 
 
 13
 With respect to the undercover agent, the Rossi affidavit concluded that even if the agent were able to succeed in purchasing cocaine from the defendant, he would only be granted "limited access to the Gaxiola organization because he is not a family member." This conclusion is supported by the fact that the government's numerous other confidential informants, including Victor Sanchez, obtained only limited access to the Gaxiola organization.
 
 
 14
 The issuing court properly granted the application for a wiretap, and the district court properly denied defendant's motion to suppress.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3