108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector POPO, a/k/a Carlos Popo, Defendant-Appellant.
 No. 95-50387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1997.*
Decided Feb. 18, 1997.
 
 1
 Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 * Hector Popo entered a conditional guilty plea to conspiracy to distribute approximately one thousand kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Popo appeals the district court's denial of his motion to suppress evidence acquired through court-authorized electronic, wire, oral, and visual surveillance. He argues that: (1) the applications for interception did not make the requisite showings of necessity; and (2) the district court erred in finding that the interception was necessary because normal investigative procedures were adequate. Appellant also appeals his sentence, arguing that the district court erred in imposing a two-point upward adjustment, pursuant to USSG § 3B1.1, for his supervisory role in the offense. We affirm.
 
 II
 
 4
 Under 18 U.S.C. § 2518(1)(c), an application for an order authorizing the interception of a wire, oral, or electronic communication must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." To grant an application, the judge must determine that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). "As a general rule, the wiretap should not be the initial step in the investigation, but law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap." United States v. Brone, 792 F.2d 1504, 1506 (9th Cir.1986) (citations omitted).
 
 
 5
 Section 2518 does not directly govern visual, nonverbal surveillance. In United States v. Koyomejian, 970 F.2d 536, 542 (9th Cir.) (en banc), cert. denied, 506 U.S. 1005 (1992), this court held that Fed.R.Crim.P. 41(b) authorizes a district court to issue warrants for silent video surveillance. To satisfy the demands of the Fourth Amendment, the court adopted several provisions of 18 U.S.C. § 2518, including the necessity requirement set forth in subsection (3)(c). Id.
 
 
 6
 * We review the question of whether a full and complete statement was submitted de novo. Brone, 792 F.2d at 1506. Task Force Officer Ortiz's affidavits begin with an extensive factual background, then identify the goals of the law enforcement effort, and explain why normal procedures were insufficient to meet these goals. The affidavits set forth in detail the investigative techniques that had been tried or contemplated and why these techniques were not likely to succeed in determining the full scope of the conspiracy. Specifically, the affidavits discuss the use and limitations of confidential informants, physical surveillance, pen registers, trap and trace devices, toll analysis, subscriber information, consensual recordings, search warrants, grand jury subpoenas, interviews, and immunity.
 
 
 7
 Because the affidavits comprehensively identify methods of investigation used or contemplated, consider their effectiveness, and explain the limitations of each method, they provide the full and complete statement required by 18 U.S.C. § 2518(1)(c).
 
 B
 
 8
 We review the issuing judge's decision that the wiretaps were necessary for an abuse of discretion. Brone, 792 F.2d at 1506. Each wiretap application, standing alone, must satisfy the necessity requirement. Id. at 1507. Appellant contends that the confidential informants, physical surveillance, and other investigative methods had yielded significant information and were likely to continue to do so; therefore, resort to electronic, oral, wire, and visual surveillance was unnecessary.
 
 
 9
 The district court considered each application individually to determine whether surveillance was justified and found that neither the use of confidential informants nor of physical surveillance eliminated the need for interception. The district court did not abuse its discretion in finding that the electronic, wire, oral, and visual surveillance was necessary, particularly given: (1) the confidential informants' involvement at only low levels of the conspiracy; (2) the limitations of physical surveillance because of conspirators' countersurveillance and use of closed garages for the delivery of drugs; and (3) the conspirators' frequent use of pagers, pay phones, and cellular phones to conduct business.
 
 III
 
 10
 We will reverse a district court's decision regarding a defendant's role in the offense only upon a finding of clear error. United States v. Manarite, 44 F.3d 1407, 1420 (9th Cir.), cert. denied, 115 S.Ct. 2610 & 116 S.Ct. 148 (1995).
 
 
 11
 USSG § 3B1.1(c) provides: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." An adjustment is warranted only if the defendant exercised some degree of control or authority over others. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990).
 
 
 12
 The government argued at the sentencing hearing that there was evidence that Appellant had directed, instructed, and paid co-conspirators. Adopting the government's factual representations and the facts expressed in the presentencing reports, the district court found that Appellant was "at least a supervisor in criminal activity and he supervised at least one or more persons on a number of occasions." Given the evidence indicating that Appellant exercised control over the confidential informants and other conspirators, the district court did not clearly err in finding that Appellant played a supervisory role in the conspiracy and in adjusting his sentence upward two-levels.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3