134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose FLORIANO-CORTEZ; Juan Chavez-Moreno; Antonio
Chavez-Moreno; Fernando Chavez-Moreno,
Defendants-Appellants.
 Nos. 96-30128, 96-30181, 96-30182, 96-30184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Jan. 26, 1998.
 
 1
 Before: SKOPIL and HAWKINS, Circuit Judges, and MERHIGE, District Judge**
 
 
 2
 MEMORANDUM*
 
 
 3
 Jose Floriano-Cortez appeals the district court's decision to enhance his sentence based on a finding of obstruction of justice. Juan Chavez-Moreno, Antonio Chavez-Moreno, and Fernando Chavez-Moreno appeal the denial of their motion to suppress evidence, contending that the affidavit submitted in support of the wiretap application failed to satisfy the "necessity" requirements of 18 U.S.C. § 2518(1)(c). We have jurisdiction pursuant to 18 U.S.C. § 3742(a), (e) and 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 Shortly before sentencing, Floriano-Cortez claimed for the first time that he was a juvenile at the time he committed the charged offense. The court rejected that claim and imposed an enhancement for obstruction of justice. We agree with the district court that Floriano-Cortez consistently represented himself as an adult to police and to the court. Moreover, there is ample evidence to support the district court's determination that he was an adult at the time he committed the charged offense. Accordingly, because Floriano-Cortez provided false information about his age and identity, the court did not err in deciding to impose a two-level adjustment pursuant to U.S.S.G. § 3C1.1. See United States v. Dunnigan, 507 U.S. 87, 98 (1993); United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994).
 
 II.
 
 5
 The Chavez-Morenos contend that Agent Frazier's affidavit submitted in support of the wiretap application failed to satisfy the "necessity" requirement of section 2518(1)(c). That section requires "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Judge Frye ruled that the necessity requirement had been met, noting that the issuing judge, Judge Panner, had already made a specific finding that the application showed the requisite necessity, that Judge Panner had not been misled in any way by Frazier's affidavit, and that any omissions or misstatements in the affidavit were not material. We review the district court's determination of necessity for an abuse of discretion, see United States v. Carneiro, 861 F.2d 1171, 1176 (9th Cir.1988), recognizing that a district judge "has considerable discretion" in making such a determination, United States v. Brone, 792 F.2d 1504, 1506 (9th Cir.1986).
 
 
 6
 The Chavez-Morenos complain that the affidavit is misleading and inaccurate because it contains information mainly relevant to a related investigation of the Pelayo-Lopez organization. For example, the affidavit includes as "identified conspirators" not only the Chavez-Morenos but fourteen other suspects, all of whom were part of the Pelayo-Lopez investigation. The Chavez-Morenos argue that confusing the two investigations obscured the government's failure to use traditional investigative techniques, short of a wiretap, in investigating the Chavez-Morenos.
 
 
 7
 Agent Frazier was required, however, to list all individuals if he had "probable cause to believe that the individual is engaged in the criminal activity under investigation and [if he] expect[ed] to intercept the individual's conversations over the target telephone." United States v. Donovan, 429 U.S. 413, 428 (1977); see also United States v. Martin, 599 F.2d 880, 885 (9th Cir.1979) ("[A]n investigative agency should be encouraged to name more, rather than fewer, persons in the application."), overruled on other grounds by United States v. De Bright, 730 F.2d 1255 (9th Cir.1984).
 
 
 8
 At the same time, however, we agree that each separate wiretap application must independently fulfill the necessity requirement of section 2518(1)(c). See Carneiro, 861 F.2d at 1176; United States v. Santora, 600 F.2d 1317, 1321 (9th Cir.), amended by 609 F.2d 433 (9th Cir.1979); United States v. Abascal, 564 F.2d 821, 826 (9th Cir.1977). Agent Frazier was not permitted to use the Pelayo-Lopez investigation as a bootstrap for the Chavez-Moreno application; at most, the Chavez-Morenos' connection to the Pelayo-Lopez group "may be a factor that weighs in favor of authorizing the tap." Brone, 792 F.2d at 1507.
 
 
 9
 We conclude nonetheless that, even if the affidavit contained misleading information, it is clear from the district court's findings that any inaccuracies were not material to the showing of necessity. The affidavit and Agent Frazier's testimony at the suppression hearing show that prior to the wiretap application, the FBI investigated the Chavez-Morenos through traditional techniques such as use of a confidential informant, surveillance, and tracking of phone calls through toll records and a pen register. The affidavit also describes several untried techniques and the reasons why those techniques would not likely be successful. This is sufficient to meet the necessity requirement. See United States v. Kail, 612 F.2d 443, 447 (9th Cir.1979) (affidavit adequate if court can "ascertain that the application was not intended to be used as a first step in the investigation, but an alternative that was necessary because of the limitations that the agents had encountered when using normal investigative techniques"); United States v. Feldman, 535 F.2d 1175, 1179 (9th Cir.1976) (necessity showing requires "a conscientious effort on the part of the F.B.I. to employ 'other investigative procedures' where possible").
 
 
 10
 AFFIRMED.
 
 
 
 **
 The Honorable Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3