**UNITED STATES of America Plaintiff**

v.

**Mario OREGON–CORTEZ, Rey Baltazar Aleman–Morales, Walter Saldana, Francisco Javier Garcia, Salvador Torres, Elena Cortez–Sotelo, Donald Ray Martin, Vaughn T. Rael, Ryan Patrick Donohue, Christopher Cornelius Allen, James Dean Santucci, Miguel Rodriguez, Francisco Javier Cortez–Vargas, Jesus Oregon–Cortez, Ascencion Oregon–Cortez, Juan Manuel Oregon, Ignacio CEJA Hernandez, Arturo Garcia, Jose Luis Silva–Estrada, Patty Ward–Maestas, and Javier Anguiano–Orquiz, Defendants.**

**No. CR. 02–CR–113–D.**

United States District Court,
D. Colorado.

Feb. 12, 2003.

Mark Cameron Johnson, Boulder, CO, for Mario Oregon–Cortez.

Patrick D. Butler, Lamm, Nathan & Butler, LLC, Louisville, CO, for Rey Baltazar Aleman–Morales.

Lisabeth Perez Castle, Denver, CO, for Walter Saldana.

Jeffrey Alan springer, Springer & Steinberg, P.C., Denver, CO, David C. Japha, Zapiler, Ferris & Rhodes, LLC, Denver, CO, for Salvador Chavo Torres.

David Berry Savitz, Denver, CO, for Elena Cortez–Sotelo.

Randy S. Reisch, Reisch Law Firm, LLC, Denver, CO, for Donald Ray Martin.

Stephen L. Alonzi, Denver, CO, Wade H. Eldridge, Denver, CO, for Waughn T. Rael.

Richard N. Stuckey, Richard N. Stuckey, P.C., Denver, CO, for Ryan Patrick Donohue.

James S. Covino, James S. Covino, P.C., Englewood, CO, for Christopher Cornelius Allen.

Barrett Thomas Weisz, Richilano & Ridley, PC, Denver, CO, for James Dean Santucci.

Daniel J. Sears, Daniel J. Sears, PC, Denver, CO, for Miguel Rodriguez.

Mitchell Baker, Mitchell Baker & Assoc., Denver, CO, for Francisco Javier Cortez–Vargas.

Michael J. Norton, Burns, Figa & Will, P.C., Englewood, CO, for Jesus Oregon–Cortez.

Joseph Saint–Veltri, Denver, CO, Jonathan S. Willett, Willett & Mestas, LLC, Denver, CO, Raul Ayala, West Covina, CA, for Ascencion Oregon–Cortez.

Nancy Holton, Boulder, CO, for Juan Manuel Oregon.

Edward A. Pluss, Denver, CO, for Ignacio Ceja Hernandez.

Wade H. Eldridge, Denver, CO, for Arturo Garcia.

Neil E. MacFarlane, Denver, CO, Ronald Gainor, Longmont, CO, for Patty Ward–Maestas.

Stephanie Podolak, U.S. Attorney's Office, Denver, CO, for U.S.

## ORDER

DANIEL, District Judge.

THIS MATTER comes before the Court following the January 13, 2003, hearing on the Government's Motion to Limit the Scope of Both the Defendants' Written Motions to Suppress the Wiretaps and the Evidentiary Hearing on the Motions to Suppress the Wiretaps filed December 2, 2002. Through this motion, the Government seeks a definitive ruling as to the circumstances under which an evidentiary hearing on "necessity" issues is required. My ruling will govern the hearings set for February 18, 19, 20 and 21, 2003.

### I. BACKGROUND

In my April 4, 2002, Order, I directed the parties to meet and confer and submit a proposed schedule for discovery production and deadlines for filing motions and to suggest hearing dates. The parties filed their joint motion on May 21, 2002, which indicated that "at least five days" would be necessary to complete a hearing on the Defendants' motions attacking the wiretaps. *See* Joint Mot., ¶ 8(B). Consistent with the parties' proposal and following a brief discussion of the matter at the May 22, 2002, hearing, I set deadlines for the filing of motions attacking the wiretaps and scheduled a hearing on such motions for February 18, 19, 20 and 21, 2003. *See* May 24, 2002, Order.

■ At the center of a typical "wiretap hearing" in this District is the Affiant, *i.e.,* the individual—usually a special agent with the Federal Bureau of Investigation

or the Drug Enforcement Administration—who drafted the Applications for electronic surveillance and the Affidavits in support thereof.[1] A "wiretap hearing" begins with direct testimony from the Affiant on various issues such as: (1) procuring the wiretap—Department of Justice authorization, necessity, probable cause; (2) implementing the wiretap—minimization; and (3) terminating the wiretap—maintaining the chain of custody and sealing the tapes and disks. What follows this comparatively brief direct testimony, and ostensibly prompted the instant motion, is the lengthy cross-examination of the Affiant by defense counsel. Cross-examination of the Affiant, at least in my experience, has sometimes lasted several days with much of that time spent on issues relating to the "necessity" requirement.[2]

1. The Government's motion indicates that "some Courts in this District" adhere to the typical "wiretap hearing" described herein. Govt. Mot., pp. 4–5. Although I cannot speak for my colleagues in this District, I know that this description accurately portrays the "wiretap hearings" held before me in *United States v. Small*, 229 F.Supp.2d 1166 (D.Colo.2002) and *United States v. Crumpton*, 54 F.Supp.2d 986 (D.Colo.1999). Further, the Defendants have not objected to the Government's claim that other courts in this District hold similar "wiretap hearings," and therefore, I will assume for the purposes of this motion that the Government's claim is true.

2. To satisfy the "necessity" requirement, the Government's wiretap application must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). In addition, the judge issuing the order must make a finding that "[n]ormal investigative procedures have been tried and have failed or reasonably appear to be either unlikely to succeed if tried or are too dangerous." 18 U.S.C. § 2518(3)(c). Thus, as I previously stated in *United States v. Small*, 229 F.Supp.2d 1166 (D.Colo.2002), before a wiretap is authorized "the Government must

## II. LEGAL ANALYSIS

■ By filing the instant motion, the Government seeks to end the practice of holding an evidentiary hearing on "necessity" issues simply because the Defendants have filed motions attacking the wiretaps.[3] Specifically, the Government contends that my review of the "necessity" requirement is limited to the information before the issuing judge and an evidentiary hearing on "necessity" is only appropriate if the Defendants have satisfied the showing for such a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).[4] The Government maintains that holding an evidentiary hearing on necessity without first requiring the Defendants to satisfy the threshold for a *Franks* hearing, which has previously been the practice in this District according to the Govern-

demonstrate, and the issuing judge must conclude, that normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or appear to be too dangerous." *Id.* at 1177–78.

3. I will also accept as true the Government's unchallenged assertion that it contacted U.S. Attorney Offices in Districts which were part of the Circuits cited in *United States v. Ramirez–Encarnacion* 291 F.3d 1219 (10th Cir. 2002), and discovered that only this district and the District of Kansas held evidentiary hearings on challenges to the necessity of a wiretap in the absence of a sufficient showing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Govt. Mot., p. 23, n. 3.

4. To obtain a hearing under *Franks*, the Defendants must make a substantial preliminary showing that the wiretap affidavit contained a false statement or material omission; that this was done knowingly or with reckless disregard for the truth; that the wiretap affidavit does not establish necessity or probable cause if the false statement is excised; or that, in the case of an omission, the wiretap affidavit would not support a finding of necessity or probable cause if the omitted material were included. *Id.* at 1189–90.

ment's motion, is "procedurally backwards" from the requirements dictated by the Supreme Court in *Franks* and is tantamount to a "fishing expedition for *Franks* issues." Govt. Mot., p. 6.

The Defendants object to the Government's proposal and argue that I may hold an evidentiary hearing on their challenges to the necessity of the wiretaps irrespective of their ability to make a substantial preliminary showing under *Franks*. They claim that I must review *de novo* an issuing judge's conclusion that a wiretap was necessary, and therefore, I may properly hold an evidentiary hearing to assist in that *de novo* determination.

After considering applicable statutory provisions of the wiretap statute, 18 U.S.C. §§ 2510, *et seq.*, and the relevant case authorities, I reject the Defendants' argument as it misstates a district court's standard of review of the facial validity of a wiretap authorization based on the most recent pertinent authorities. I noted in *United States v. Small*, 229 F.Supp.2d 1166 (D.Colo.2002), that challenges to the "necessity" of a wiretap take two forms: (1) challenges to the facial validity of wiretap authorizations; and (2) subfacial challenges to the wiretap authorizations. *Id.* at 1179. When a defendant challenges the facial validity of the wiretap authorization, he is arguing either that the Government failed to provide a full and complete statement under 18 U.S.C. § 2518(1)(c), or that the issuing judge incorrectly concluded that the wiretap was necessary under 18 U.S.C. § 2518(3)(c).

In *United States v. Ramirez–Encarnacion*, 291 F.3d 1219 (10th Cir.2002), the Tenth Circuit resolved the intra-circuit conflict regarding the proper standard for reviewing the facial validity of the wiretap authorizations. Citing its prior decision in *United States v. Armendariz*, 922 F.2d 602 (10th Cir.1990), a unanimous *en banc* court in *Ramirez–Encarnacion* stated, "[a]l-

though we examine de novo whether 'a full and complete statement' was submitted meeting section 2518(1)(c)'s requirements, we review the conclusion that the wiretaps were necessary in each situation for an abuse of discretion." *Ramirez–Encarnacion*, 291 F.3d at 1222 n. 1 (internal citations and quotations omitted).

■ Defendants argue that the standard of review identified in *Ramirez–Encarnacion* is that of the Court of Appeals and they conclude that it does not control the standard of review of a district court judge. Their erroneous conclusion, though not expressly contradicted in *Ramirez–Encarnacion*, clearly conflicts with the court's pronouncement that, by clarifying the standard of review, the court desired to bring itself into conformity with the authority of a majority of other circuits. *Id.* For example, one of the circuits cited in *Ramirez–Encarnacion*, the Ninth Circuit, has consistently held that the Court of Appeals reviews the *issuing judge's* conclusion that the wiretaps were necessary for an abuse of discretion. The Ninth Circuit's most recent pronouncement on this issue in *United States v. McGuire*, 307 F.3d 1192 (9th Cir.2002), provides:

The court authorizing a wiretap has considerable discretion ... so the standard of review is deferential. [*United States v. Brone*, 792 F.2d 1504, 1506 (9th Cir. 1986) ]. Although we review de novo whether the application for wiretapping was submitted in compliance with 18 U.S.C. § 2518(1)(c), we review the ***issuing court's*** decision that the wiretaps were necessary for an abuse of discretion. *Brone*, 792 F.2d at 1506. In this case, the ***issuing judge*** did not abuse his discretion in finding that the affidavit in support of the initial wiretap met the statutory requirement of "necessity."

*McGuire*, 307 F.3d at 1197 (emphasis added).

■ Accordingly, it defies logic for me to review the issuing judge's conclusion that the wiretaps were necessary under a *de novo* standard and conduct an evidentiary hearing to develop information that was not before the issuing judge when the Court of Appeals reviews the same issuing judge's conclusion under an abuse of discretion standard. It follows that my standard of review is the same as the standard of review for the Court of Appeals for challenges to the facial validity of wiretap authorizations. I therefore hold that a district court examines *de novo* whether "a full and complete statement" was submitted meeting § 2518(1)(c)'s requirements and reviews for an abuse of discretion the issuing judge's conclusion under § 2518(3)(c) that the wiretaps were necessary.

■ Consistent with this standard of review, I further hold that a district court should confine its analysis of the facial validity of wiretap authorizations to the information before the issuing judge.[5] *See, e.g., McGuire*, 307 F.3d at 1197 (review is limited to the wiretap affidavits); *United States v. Nelson–Rodriguez*, 319 F.3d 12, 32 (1st Cir.2003) ("[b]oth [the district court and the appellate court] use the same metric to evaluate the action of the issuing judge, which is to examine the face of the affidavit and decide if the facts set forth in the application were minimally adequate to support the determination that was made"). Here, I am concerned with the facial validity of the wiretap—whether the Government provided a "full and complete" statement to the issuing judge and whether the issuing judge abused his/her

discretion in concluding that a wiretap was necessary based on the information available to that judge. To hold otherwise would render the Tenth Circuit's approach to subfacial challenges to the wiretap authorizations meaningless and only serve to elicit evidence that a district court or an appellate court cannot consider when it analyzes the motions attacking the wiretaps.

Although the Government likens my review of the facial validity of wiretap authorizations to a "four-corners" type of review, that depiction is not entirely accurate. Under 18 U.S.C. § 2518(2), the issuing judge may also require the Government to produce additional "testimonial or documentary evidence in support of the application" for the wiretap. Therefore, the information before the issuing judge includes the Applications, Affidavits and Orders authorizing the wiretaps and also the "testimonial or documentary evidence" introduced at the *in camera* proceedings before the issuing judge. *See Small*, 229 F.Supp.2d at 1179.

■ Based on the foregoing, to the extent that the Government's motion seeks to preclude the presentation of evidence on the facial validity of wiretap authorizations at the hearings set for February 18, 29, 20 and 21, 2003, the motion is GRANTED. What remains to be seen, however, is whether the Defendants are entitled to a *Franks* hearing on their subfacial challenges to the wiretap authorizations. I will hear oral argument at the upcoming hearings on whether the Defendants have

---

5. The Tenth Circuit evaluates information that was not before the issuing judge, whether it was omitted or misstated, under the framework of *Franks v. Delaware. See, e.g., Ramirez–Encarnacion*, 291 F.3d at 1223–24; *United States v. Green*, 175 F.3d 822, 828 (10th Cir.1999). Although the Tenth Circuit has affirmed decisions where district courts

considered information that was not before the issuing judge when ruling on the facial validity of the wiretap, *United States v. Borrayo–Gutierrez*, 119 F.Supp.2d 1168 (D.Colo. 2000), I find that any such inconsistency is more a reflection of the uncertainty surrounding the standard of review in this Circuit than the Tenth Circuit's approval of this approach.

satisfied the threshold to compel a *Franks* hearing.

### III. MISCELLANEOUS MATTERS

In recent filings, several Defendants have requested that I reconsider my Order denying their previously filed motions to disclose the identity of the confidential informants before trial. Although I will hear additional argument on this issue at the upcoming hearings, I must be persuaded that it would be a proper exercise of my discretion to compel the disclosure of the confidential informants' identities at this juncture in the proceedings.

Finally, there are a number of discovery motions currently pending before the Court. In an effort to minimize the amount of time expended on matters that are no longer in dispute at the hearings, the parties are ordered to meet and confer and each Defendant shall file a status report by Tuesday, February 18, 2003, which indicates whether any aspect of their pending discovery motions remain in dispute.

### IV. CONCLUSION

For the foregoing reasons, it is

ORDERED that the Government's Motion to Limit the Scope of Both the Defendants' Written Motions to Suppress the Wiretaps and the Evidentiary Hearing on the Motions to Suppress the Wiretaps filed December 2, 2002, is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that the Affiant will not testify to issues relating to the "necessity" requirement at the hearings set for February 18, 19, 20 and 21, 2003. My ruling does not affect other issues that the Affiant will testify to at the upcoming hearings such as: (1) whether the wiretap authorization procedures were properly followed; (2) whether the chain of custody of the recording was properly maintained; (3) whether the wiretap tapes and disks were properly sealed; (4) whether the

post-wiretap inventory notices were sent; and (5) whether the Court's minimization directives were followed. In addition, I will hear oral argument on the following issues: (1) whether the wiretap affidavit is facially, statutorily, or technically insufficient; (2) whether the information before the issuing judge established probable cause; (3) whether the Government submitted a "full and complete statement" to the issuing judge; (4) whether the issuing judge abused her discretion in finding necessity; and (5) reconsideration of my prior decision not to order the disclosure of the confidential informants' identities at this time. The motion is **DENIED** in all other respects. It is

FURTHER ORDERED that the parties shall meet and confer and each Defendant shall file a status report by Tuesday, February 18, 2003, regarding the status of discovery motions that remain in dispute.