UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WILLIAM BARNETT, a/k/a Big Pork,
a/k/a Pork, a/k/a Porky, a/k/a
William Clagett,
*Defendant-Appellant.*

No. 02-4561

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TYRELL K. LEE,
*Defendant-Appellant.*

No. 02-4732

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-01-58)

Submitted: March 31, 2003

Decided: April 11, 2003

Before WILKINSON and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

L. Barrett Boss, ASBILL, MOFFITT & BOSS, Washington, D.C.; Paul S. Rosenzweig, THE HERITAGE FOUNDATION, Washington, D.C.; Eric M. Glass, Savage, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, James M. Trusty, Assistant United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In these consolidated appeals, William Barnett (No. 02-4561) and Tyrell Lee (No. 02-4732) appeal their convictions and sentences for conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846. Barnett was also convicted of two counts of being a felon in unlawful possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000). On July 9, 2002, Barnett was sentenced to a mandatory minimum of twenty years' imprisonment and ordered to forfeit assets valued at $175,000. Lee was convicted pursuant to his guilty plea and sentenced to 120 month's imprisonment. For the reasons discussed below, we affirm their convictions and sentences.

### I.  *BARNETT, No. 02-4561*

#### A.  *Wiretap Evidence*

Barnett contends that the district court erred in admitting evidence obtained through the use of wiretaps and other means of electronic surveillance because the Government failed to establish that it had

exhausted ordinary investigation techniques before requesting authorization for electronic surveillance. Further, he argues that the Goetz affidavit omits material facts, in violation of the statute.

This court reviews de novo whether the applicant submitted a full and complete statement of facts in compliance with 18 U.S.C. § 2518(1)(c) (2000), and reviews for an abuse of discretion the district court's decision whether the wiretap was necessary under the statute. *United States v. Brone*, 792 F.2d 1504, 1506 (9th Cir. 1986).

The affidavit was exhaustive of the facts surrounding the investigation of the Adams drug organization. The Government set forth numerous investigative techniques implemented during the investigation as of its date, November 22, 2000. Barnett has not made a sufficient showing that the Government failed to meet the necessity requirement under the wiretap statute.

Barnett argues that the Goetz affidavit omits material facts and contains material misrepresentations, in violation of the statute, warranting a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). As Barnett has failed to show any evidence that the Government knowingly or recklessly made material misrepresentations in the Goetz affidavit, the district court did not exceed the bounds of deference accorded it by authorizing the electronic surveillance. *See United States v. Muldoon*, 931 F.2d 282 (4th Cir. 1991).

### B. *Expert Testimony*

Barnett also contends the district court abused its discretion by allowing Special Agent Matthew Carbone to testify as an expert witness with regard to drug code language.

Federal courts have repeatedly found the interpretation of drug codes a specialized body of knowledge appropriate for expert testimony under Fed. R. Evid. 702 in drug trafficking cases. *See United States v. Ceballos*, 302 F.3d 679, 686-87 (7th Cir. 2002), *cert. denied*, 123 S.Ct. 924 (2003); *United States v. Rivera-Rosario*, 300 F.3d 1, 17 (1st Cir. 2002); *United States v. Garcia*, 291 F.3d 127, 139 (2nd Cir. 2002); *United States v. Hermanek*, 289 F.3d 1076, 1096 (9th Cir.

2002), *cert. denied*, ___ U.S. ___, 2003 WL 183256 (U.S. Feb. 24, 2003) (No. 02-8542); *United States v. Watson*, 260 F.3d 301, 307 (3d Cir. 2001); *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994). As Carbone was fully qualified to testify regarding drug codes by his extensive experience in narcotics investigations, the district court did not abuse its discretion in admitting him as an expert. *See United States v. Barnette*, 211 F.3d 803, 816 (4th Cir. 2000).

Barnett contends that Carbone had no reliable basis for his testimony regarding the drug code terms "sweet potato joints" and "cabaret." Under Rule 702, experts may only testify if: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Barnett argues that Carbone never adequately explained the method he used to arrive at his interpretations of words which he had never encountered before. Because Barnett did not object to Carbone's testimony in pretrial motions or at trial with regard to the reliability or methodology of his expert testimony, this court reviews for plain error. Fed. R. Crim. P. 52(b).

The district court conducted a full voir dire of Carbone, demonstrating that his knowledge and experience in drug trafficking investigations and drug "codes" was extensive. In addition, Carbone's expert testimony was corroborated by Adams' explanation of the conversations in which he took part.

Barnett argues the Government improperly "bolstered" Adams' testimony with expert testimony by Carbone. However, the Government properly compared Adams' and Carbone's testimony, as corroboration.

### C.   *Admission of Prior Bad Acts*

Barnett maintains that the district court improperly admitted certain "prior bad acts" into evidence in violation of Fed. R. Evid. 404(b). He specifically challenges the court's admission of his 1991 prior conviction for possession of cocaine with intent to distribute and the testimony of John Simpson, a Maryland State Police Officer, who executed a search warrant of Barnett's home on April 5, 1990.

Rule 404(b) forbids admission of prior bad acts evidence to show later action in conformity therewith. Rule 404(b) provides for exclusion of prior bad acts only if it is admitted to show character. It does not require exclusion of such evidence offered to establish opportunity, motive, intent, preparation, plan, knowledge, identity, or absence of mistake. Fed. R. Evid. 404(b).

To be relevant under Rule 404(b), the evidence must be sufficiently related to the charged offense. *Powers*, 59 F.3d at 1465. Evidence is necessary when, considered in the light of other evidence available to the government, it is an essential part of the crimes on trial, or when it furnishes part of the context of the crime. *United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997); *Powers*, 59 F.3d at 1466. Finally, the evidence is reliable if it is sufficient to allow the jury to reasonably conclude that the act occurred and that the defendant was the actor. *Powers*, 59 F.3d at 1467.

The evidence showed Barnett's previous participation in drug distribution activities. Simpson testified that the evidence gathered during the previous search in that case included a police scanner, a digital scale, food storage containers and baggies used to hold cocaine, and a lockbox containing $5740 in cash. The evidence also proved that Barnett's intent when he made coded phone calls was to deal cocaine. Simpson's testimony was reliable and highly probative, and the district court did not abuse its discretion in admitting it. *See United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996).

## II. *LEE, No. 02-4732*

Lee appeals from his conviction and 120-month sentence imposed pursuant to his guilty plea, for conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base. Lee contends that his guilty plea was not knowingly and voluntarily made because there were many references at his guilty plea hearing to the potential application of the "safety valve" provision under the Sentencing Guidelines that he ultimately did not receive.

The district court's conclusion that Lee's guilty plea was knowingly and voluntarily made was not plainly erroneous. *See United*

*States v. Martinez*, 277 F.3d 517, 527 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002).

We therefore affirm Barnett's and Lee's convictions and sentences. We dispense with oral argument because the facts and legal contentions have been adequately presented in the materials before the court.

*AFFIRMED*