
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50048 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00235-PSG-1 |
| v. | |
| DONNELL WILSON, Jr., AKA Donell Wilson, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50258 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00235-PSG-2 |
| v. | |
| BENJAMIN BROWNING, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 11, 2011[]
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Donnell Wilson and Benjamin Browning ("Defendants") appeal their conviction for possession of stolen mail in violation of 18 U.S.C. § 1708. Defendants contend that the district court erred when it denied their Fourth Amendment motion to suppress evidence seized from their vehicle. We review a district court's denial of a motion to suppress *de novo*. See United States v. Maddox, 614 F.3d 1046, 1048 (9th Cir. 2010). We review for clear error the district court's underlying findings of fact. See United States v. Turvin, 517 F.3d 1097, 1099 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Reasonable suspicion supported the investigatory stop of Defendants' car. Police observed Defendants' vehicle pulled over on the side of the road at 3:30 a.m. in an area with a high frequency of mail theft. Defendant Browning was standing outside of the vehicle directly in front of a row of mailboxes. When Defendants observed the officers' patrol car, they immediately attempted to drive away. Viewing the totality of the circumstances, we conclude that there was a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"particularized and objective basis for suspecting legal wrongdoing" that justified the stop of Defendants' car. United States v. Arvizu, 534 U.S. 266, 273 (2002).

There is ample evidence in the record to support the district court's finding that after conducting the investigatory stop and questioning Defendants, probable cause existed to arrest Defendants and search the vehicle. Officers learned that Defendants were not from the area and that they were traveling to a location that would not naturally take them to the place where they were stopped. Officers also observed numerous pieces of mail scattered throughout the car – on the dashboard, center console, floorboard, and on Defendant Browning's lap. In light of the totality of the circumstances, we conclude that there was a "fair probability" that the Defendants were engaged in mail theft and that the vehicle contained evidence of the crime. See United States v. Brooks, 610 F.3d 1186, 1193-94 (9th Cir. 2010).

**AFFIRMED.**