**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30097 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-02023-EFS-1 |
| v. | |
| LUCIO JOAQUIN CAMARILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Court Judge, Presiding

Argued and Submitted January 14, 2011
Seattle, Washington

Before: GRABER and FISHER, Circuit Judges, and MARSHALL, Senior District Judge.[**]

Defendant Lucio Joaquin Camarillo timely appeals the district court's denial of his motions to suppress and his motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Defendant argues that the search warrant was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

premised on an illegal wiretap and that the affidavit supporting the search warrant omitted material information. We review a district court's denial of a motion to suppress *de novo*. United States v. Maddox, 614 F.3d 1046, 1048 (9th Cir. 2010). We review an issuing judge's decision that a wiretap was necessary for abuse of discretion. United States v. Canales Gomez, 358 F.3d 1221, 1225 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The wiretap warrant contained sufficient information for the issuing judge to determine that the wiretap was necessary. See United States v. McGuire, 307 F.3d 1192, 1196 (9th Cir. 2002) ("This 'necessity' requirement can be satisfied by a showing in the application that ordinary investigative procedures, employed in good faith, would likely be ineffective in the particular case." (citing United States v. Brone, 792 F.2d 1504, 1506 (9th Cir. 1986))). The affidavit supporting the wiretap warrant detailed unique difficulties in the investigation of the Camarillo family, including Camarillo family members' past refusals to cooperate with law enforcement, difficulty locating family members' residences, and specific problems with conducting physical and electronic surveillance.

Defendant identifies three facts that were present in the affidavit supporting the wiretap but omitted from the affidavit supporting the search warrant: (1) that members of the Camarillo family tended not to store narcotics at their homes; (2)

2

that physical surveillance of the Camarillo family members' homes did not reveal suspicious activity; and (3) that members of the Camarillo family were not believed to keep written documentation of their drug trafficking. We have held that an omission may provide the basis for a *Franks* hearing when: "(1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). The affidavit supporting the search warrant did not contain any misleading omissions. Accordingly, the district court properly denied Defendant's motion to suppress and Defendant's request for a *Franks* hearing.

AFFIRMED.