**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 03 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

SHERI LEE PUALANI KAPAHU,

        Defendant-Appellant.

No. 17-10087

D.C. No. 1:16-cr-00453-SOM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted June 14, 2018
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Defendant-Appellant Sheri Lee Pualani Kapahu ("Kapahu") was convicted

of possession of methamphetamine with intent to distribute and challenges on

appeal the denial of her motions to suppress evidence. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

First, Kapahu moved to suppress her statements to Agent Richard Jones of the Drug Enforcement Agency under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* applies only when an individual is "in custody when interrogated." *United States v. Barnes*, 713 F.3d 1200, 1204 (9th Cir. 2013) (per curiam). "To determine whether an individual was in custody, we must decide whether a reasonable person in the circumstances would have believed he could freely walk away from the interrogators." *Id.* Relevant factors include "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *Id.* (quoting *United States v. Kim*, 292 F.3d 969, 974 (9th Cir. 2002)).

Kapahu was not "in custody" when she admitted that there were drugs in her purse. At the time, she had been questioned for only a few minutes in a public part of the airport. She had not been physically touched or restrained, and had been told that she was free to leave. Although Agent Jones claimed to know that she was carrying drugs, he never confronted Kapahu with actual evidence. Under our case law, a "reasonable person" in Kapahu's position would have felt "free to leave." *See Barnes*, 713 F.3d at 1204.

Of course, in reality, Kapahu was unlikely to leave given that she was waiting in a line to board an airplane. That fact was obvious to Agent Jones and his partner, Officer Lovinna Kaniho. It would have been far better, and more informative to Kapahu, had they said, "You are free to leave, or free to tell us to go away." Nevertheless, Kapahu's admission was not the result of "the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*." *See Howes v. Fields*, 565 U.S. 499, 509 (2012).

Once Kapahu was taken out of the boarding line, she was not "interrogated" within the meaning of *Miranda* until after she had been given the required warnings. *See United States v. Moreno-Flores*, 33 F.3d 1164, 1171 (9th Cir. 1994) (addressing statements about the importance of cooperating); *United States v. Ritter*, 752 F.2d 435, 438 (9th Cir. 1985) (addressing requests for consent to search).

Second, Kapahu moved to suppress the fruits of the search of her purse. The Fourth Amendment allows the police to conduct a warrantless search incident to a lawful arrest of "the area within the control of the arrestee." *See United States v. Robinson*, 414 U.S. 218, 224 (1973). The search must be "spatially and temporally incident to the arrest," *United States v. Camou*, 773 F.3d 932, 937 (9th Cir. 2014), and conducted for the purpose of "finding weapons the arrestee might use, or

evidence the arrestee might conceal or destroy," *United States v. Maddox*, 614 F.3d 1046, 1048 (9th Cir. 2010).

The search of Kapahu's purse was a permissible search incident to arrest. By the time of the search, Kapahu had already given Agent Jones and Officer Kaniho probable cause to arrest her by admitting to having drugs in her purse. At the time, the purse was within Kapahu's immediate control. *See United States v. Nohara*, 3 F.3d 1239, 1243 (9th Cir. 1993). Kapahu was arrested moments later and taken to an office used by the airport's police task force.

Finally, Kapahu argues on appeal that she was subject to an unlawful investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968). Kapahu did not raise this argument before the district court. We need not reach it, given our conclusion that Kapahu was free to disregard Agent Jones's questioning until she was taken out of the boarding line to be arrested.

**AFFIRMED.**