**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MERCED ZAMORA,

Defendant - Appellant.

No. 23-1618

D.C. No.
2:20-cr-00160-RMP-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted September 13, 2024
Seattle, Washington

Before: W. FLETCHER and SUNG, Circuit Judges, and RAKOFF, District
Judge.**

Defendant-Appellant Merced Zamora appeals the district court's denial of

several motions related to his criminal trial. We have jurisdiction under 28 U.S.C.

§ 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

On the final day of trial, Zamora argued for the first time that Count Three of the superseding indictment should be dismissed under Rule 29 of the Federal Rules of Criminal Procedure for "missing the in furtherance of [any such crime] elements" of 18 U.S.C. § 924(c)(1)(A). The Government confused the two clauses of § 924(c)(1)(A) by charging defendant with "possess[ing]" a firearm (part of the second clause) "during and in relation to a drug trafficking crime" (part of the first clause). Although Zamora cited Rule 29 in support of his argument, the district court observed that he did "not challenge the sufficiency of the evidence to establish his guilt under Count Three of the superseding indictment," and that his motion was thus "more properly construed as a motion to dismiss pursuant to Rule 12 because it alleges a defect in the superseding indictment." "The substance of the motion, not its form, controls its disposition," and we agree with the district court that Zamora's motion is best understood as seeking relief under Rule 12 of the Federal Rules of Criminal Procedure. *Andersen v. United States*, 298 F.3d 804, 807 (9th Cir. 2002).

Zamora's motion fails even if properly construed as a Rule 12 motion. Rule 12 provides that a defect in the indictment "must be raised by *pretrial* motion." Fed. R. Crim. P. 12(b)(3)(B)(v) (emphasis added). While Rule 12 treats a motion as "untimely" if "a party does not meet the deadline for making a Rule 12(b)(3) motion," it also provides that "a court may consider the defense, objection, or

2

request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). But Zamora's counsel repeatedly declined opportunities to identify good cause excusing his untimeliness. We thus affirm the district court's denial of his motion as untimely.

Zamora next argues that the district court erred by denying his motion to suppress evidence obtained under two search warrants.[1] He alleges that deputies from the Spokane County Sheriff's Office did not have authority under state law to impound the vehicle in question and thus violated his Fourth Amendment rights by conducting an inventory search. This Court reviews a district court's denial of a motion to suppress evidence de novo and any underlying factual findings for clear error. *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). "Once a vehicle is impounded, police may conduct an inventory search." *United States v. Maddox*, 614 F.3d 1046, 1049 (9th Cir. 2010). To determine whether evidence secured through the inventory search of a vehicle is admissible, we must evaluate whether the officer complied with state law governing impoundments and inventory searches. *United States v. Wanless*, 882 F.2d 1459, 1463–64 (9th Cir. 1989).

In this case, Deputy Mitchell Othmer of the Spokane County Sheriff's

---

[1] Zamora references the search warrant for the cellphone and tablet, but the Government was not able to extract any data from these sources. Zamora's challenge practically focuses, then, on the evidence discovered during the vehicle's search.

Office impounded the car because Zamora "committed a traffic offense for which the legislature has expressly authorized impoundment," a circumstance in which a vehicle may be impounded under Washington law. *State v. Tyler*, 302 P.3d 165, 170 (Wash. 2013); *see also* Wash. Rev. Code § 46.55.113. Deputy Othmer also considered "reasonable alternatives," as required by Washington law. *Tyler*, 302 P.3d at 170. Washington courts have approved of impoundments in similar circumstances. *See State v. Peterson*, 964 P.2d 1231, 1232–33 (Wash. App. 1998).[2] The district court did not err by denying Zamora's motion to suppress.

Zamora's other arguments, which generally assert that the district court abused its discretion, also fail. First, Zamora challenges the district court's exclusion as hearsay of certain statements he made to Deputy Othmer during the traffic stop. Zamora offers no legal support for his argument that his statements can be introduced for their effect on a listener who did not hear them, and the district court properly excluded these statements as hearsay. Second, Zamora has not

---

[2] Zamora also argues that Deputy Othmer's inventory search was pretextual. The district court found Deputy Othmer's testimony to be credible and concluded that his administrative purpose for searching the vehicle was "well supported by the record," without making any finding as to his subjective expectation. When a district court hears testimony, we give special deference to its credibility determinations and review factual findings for clear error. *See United States v. Arreguin*, 735 F.3d 1168, 1174 (9th Cir. 2013). Even if Deputy Othmer subjectively expected to find evidence of criminal activity in Zamora's vehicle, the court correctly concluded that this "would not invalidate an otherwise reasonable inventory search." *United States v. Garay*, 938 F.3d 1108, 1112 (9th Cir. 2019).

shown the "clear, manifest, or undue prejudice" required to warrant reversal of the district court's denial of his motion to sever Count Two of the superseding indictment. *See United States v. VonWillie*, 59 F.3d 922, 930 (9th Cir. 1995) (quotation marks omitted). Indeed, the evidence of Zamora's "guilt . . . was overwhelming," and the district court "took extensive precautions to guard against undue prejudice," including entering the parties' *Old Chief* stipulation. *See id.* Third, contrary to Zamora's arguments, we have regularly approved of expert testimony of the kind offered by Special Agent Jon Wiseman of the Drug Enforcement Agency. *See, e.g.*, *United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009). Finally, because Zamora failed to identify any error, cumulative error does not apply. *See United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

**AFFIRMED.**